IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARVA ANDERSON, individually and as personal representative of the Estate of JOSEPH A. ANDERSON, JR. | : | MDL 875 |
| | : | CIVIL ACTION NO. 09-69122 |
| v. | : | |
| FORD MOTOR COMPANY, et al. | : | Transferred from the District of Utah |

**MEMORANDUM ORDER**

**AND NOW,** this 20th day of October, 2010, upon consideration of Ford Motor Company's ("Ford") Motion to Compel Production of Settlement Documents (the "Motion") (Doc. No. 153), and plaintiff's response thereto, it is hereby

**ORDERED**

that the Motion is **DENIED**.

In its Motion, Ford argues that plaintiff should be ordered to produce documents relating to settlement agreements plaintiff has entered into with bankruptcy trusts relating to settlement of decedent's claims against bankrupt companies for decedent's alleged injuries from exposure to asbestos products manufactured by those bankrupt companies. Ford argues that the information is discoverable for two reasons. First, Ford argues that under Utah law the information is relevant because, if Ford is ultimately determined to be liable to plaintiff, Ford is entitled to a set-off for the amount that plaintiff has already recovered for the injuries. Second, Ford argues that under the decision of Slusher v. Ospital, 777 P.2d 437, 444 (Utah 1989), a trial court must, with certain exceptions, disclose to the jury the existence of any settlement agreements the plaintiff had with one or more of defendant/joint tortfeasors.

This court has previously ruled in other cases assigned to MDL 875, that plaintiffs are not required to disclose their settlement agreements with bankruptcy trusts. See Dutton v. Todd Shipyards Corp., No 09-62916, 2009 U.S. Dist. LEXIS 107936, at *2-3 (E.D. Pa. Nov. 17, 2009) (Rueter, Ch.M.J.); Allison v. Goodyear Tire & Rubber Co., No. 07-69104, 2010 WL 3384723, at *1-2 (E.D. Pa. Aug. 19, 2010) (Hey, M.J.). In Dutton, this court specifically rejected a defendant's argument that settlement agreements with bankruptcy trusts should be disclosed because the defendant may have a set-off in the event of a jury verdict against it. This court ruled that disclosure of settlements should be deferred until after the entry of the judgment when the court would entertain a defendant's set-off argument. See Dutton, 2009 U.S. Dist. LEXIS 107936, at *4 (citing Lewin v. Am. Export Lines, Inc., 224 F.R.D. 389, 396 (N.D. Ohio 2004)).

Lastly, the court finds that the Utah Supreme Court's decision in Slusher does not compel disclosure of these settlement agreements with the bankruptcy trusts. Slusher addressed the disclosure of "Mary Carter Agreements." A "Mary Carter Agreement" is a settlement accord where a defendant, who remains a party to the pending action, reaches a settlement agreement with the plaintiff that guarantees the plaintiff a minimum recovery, notwithstanding the fact that the plaintiff may not recover a judgment against the agreeing defendant or that the verdict may be less that than specified in the agreement. Slusher, 777 P.2d at 440. Here, the bankruptcy trusts will not be co-defendants in the trial in this case, and none of the other classic features of a Mary Carter Agreement are present.

For these reasons, the Motion will be **DENIED**.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge